**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

NASH NEWBILL TUTEN,

      Plaintiff,

      v.

COMMISSIONER TYRONE OLIVER, et al.,

      Defendants.

CIVIL ACTION NO.: 6:25-cv-143

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this 42 U.S.C. §1983 action.  Doc. 1.  For the reasons which follow, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis* in this Court.  Doc. 2.  For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed in forma pauperis on appeal.  I **DENY as moot** Plaintiff's Motion to Appoint Counsel.  Doc. 5.

### BACKGROUND

Plaintiff's allegations are unclear, but he appears to allege that prison officials at Coffee Correctional Facility refused to obey a Chatham County (presumably Superior) court order. Doc. 1 at 5.  He alleges further that prison officials violated his rights to equal protection under the Fourteenth Amendment through "abuse of process."  Id.  Plaintiff also alleges that he was "stabbed 4 times."  Id.

**DISCUSSION**

**I.     Dismissal Under 28 U.S.C. § 1915(g)**

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding that § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection.  Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

(1)     Tuten v. Public Defender's Office, No. 4:21-cv-228, ECF No. 20 (S.D. Ga. June 13, 2022) (dismissed for failure to state a claim);

(2)     Tuten v. Gause, No. 4:21-cv-250, ECF No. 37 (S.D. Ga. May 20, 2022) (dismissed for failure to state a claim); and

(3)   Tuten v. CPT Seanz, No. 4:22-cv-90, ECF Nos. 8, 10 (S.D. Ga. June 28, 2022) (dismissed for failure to state a claim).[1]

Additionally, Plaintiff has been identified as a three-striker in: Tuten v. City of Savannah, No. 4:23-cv-350, ECF Nos. 6, 10 (S.D. Ga. Dec. 20, 2023); Tuten v. Cause, No. 4:23-cv-371, ECF No. 7 (S.D. Ga. March 22, 2024); and Tuten v. Hart, No. 4:24-cv-1, ECF Nos. 9, 10 (S.D. Ga. March 22, 2024).

Consequently, Plaintiff cannot proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).  "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."  Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff's allegations do not demonstrate that he was in imminent danger of serious physical injury at any point.  Plaintiff alleges only past harm.  Thus, his Complaint falls well short of qualifying for the imminent danger exception.  See Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A] three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint.").

Because Plaintiff is a "three striker" and has not shown imminent danger, he may not proceed in forma pauperis.  Accordingly, I **DENY** Plaintiff's Motion to Proceed in Forma

---

[1]   See also Tuten v. Jones, No. 4:22-cv-91, ECF Nos. 9, 10 (S.D. Ga. July 22, 2022) (dismissed for failure to state a claim); Tuten v. Belfiore, No. 4:22-cv-96, ECF No. 15 (S.D. Ga. July 7, 2022) (dismissed for failure to state a claim).

*Pauperis* in this Court.  Doc. 2.  Additionally, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint due to Plaintiff's failure to prepay the entire filing fee in this case.

## II.        Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from

4

filing an appeal *in forma pauperis* while he is a prisoner.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis* in this Court.  Doc. 2.  For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed in forma pauperis on appeal.  I **DENY as moot** Plaintiff's Motion to Appoint Counsel.  Doc. 5.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of June,

2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA